

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KAITLIN FITZGIBBON**
Assistant Corporation Counsel
Phone: (212) 356-5057
Fax: (212) 356-3509
Email: kfitzgib@law.nyc.gov

September 25, 2018

**BY E.C.F.**
Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:     James Breeden v. City of New York, et al., 18-cv-5048 (NG) (LB)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter on behalf of the City of New York. In that capacity, I write to respectfully request a 60-day extension of time, from October 1, 2018 until November 30, 2018, to answer or otherwise respond to the complaint. Plaintiff's attorney, Malcolm Anderson Esq., has consented to this request, which is defendant's first request for an extension of time.

        In his complaint, plaintiff alleges, *inter alia*, that he was arrested on or about September 9, 2015, and that police officers used excessive force in order to affect his arrest. Upon information and belief, defendant City was served with a copy of the complaint on September 10, 2018, therefore, its answer is currently due on October 1, 2018. (See Docket Entry No. 5). In addition to the City of New York, plaintiff names Police Officer Christopher Kelley as a defendant.

        Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office time to receive the executed authorizations for the release of the underlying arrest records and medical records from plaintiff and forward the authorizations with requests for records to the appropriate agencies and medical facilities. In order to respond to the allegations contained in the complaint, defendant City must obtain documents of the underlying criminal case including Police, Criminal Court and Kings County District Attorney's documents. It is our understanding that these documents may be sealed pursuant to New York Criminal Procedure Law § 160.50. Further, because plaintiff is claiming that he was subjected to excessive force, we need to obtain releases for plaintiff's medical records, which includes a release for the hospital where plaintiff was treated and releases for each of the medical providers plaintiff may have seen for follow-up care.

Defendant City cannot obtain these documents without these authorizations, and without the documents, defendant City cannot properly assess this case or respond to the complaint. Accordingly, defendant City requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure

Moreover, although according to the civil docket sheet, the individual identified in the caption of the complaint as Police Officer Christopher Kelley has been served with the Summons and Complaint, upon information and belief, this Office has not yet received his request for legal representation. (See Docket Entry No. 8). This Office has not discussed with Officer Kelley whether he has been served, and in the event he was served, we make no representation herein as to the adequacy of service upon him. Additionally, a decision concerning this Office's representation of Officer Kelley has not yet been made and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of police officers, and in the interest of judicial economy, we hope that the Court may, *sua sponte*, extend the time to answer on behalf of Officer Kelley. If service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Officer Kelley. Officer Kelley must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Officer Kelley's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In light of the above, the undersigned respectfully requests a 60-day extension of time, from October 1, 2018 until November 30, 2018, to answer or otherwise respond to the complaint.

Thank you for your time and consideration in this regard.

Respectfully submitted,

/s/
Kaitlin Fitzgibbon
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  VIA ECF
     Duncan Peterson
     Malcolm Anderson
     *Attorneys for Plaintiff*
     Peterson Delle Cave LLP
     233 Broadway, Suite 1800
     New York, NY 10279